**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL S. LEVAN,** | : |
| | : |
|     Petitioner, | : CIVIL NO. 3:CV-07-1713 |
| | : |
|     vs. | : **(JUDGE VANASKIE)** |
| | : |
| **T.R. SNEIZEK,** | : |
| | : |
|     Respondent. | : |

**M E M O R A N D U M**

**I.  Introduction**

    Paul S. Levan, an inmate confined at the Federal Correctional Institution at Schuylkill (FCI-Schuylkill), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 20, 2007.  Along with the petition, Levan filed a motion to proceed in forma pauperis and a declaration in support thereof.  (Dkt. Entries 2, 3.) In the petition, Levan challenges his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania for the offense of Conspiracy to Manufacture in Excess of 1 Kilogram of Methamphetamine, in violation of 21 U.S.C. § 846.  For the reasons that follow, the in forma pauperis motion will be granted,[1] and the petition dismissed for lack of jurisdiction because

---

    [1] Levan submits a declaration made under penalty of perjury in support of his in forma pauperis motion (Dkt. Entry 3), wherein he states he has a balance in his inmate account of

(continued...)

Levan has failed to show that his remedy pursuant to 28 U.S.C. § 2255 for challenging his federal conviction or sentence is inadequate or ineffective.

## II.    Background

Levan states that he was indicted on May 20, 1997, for a violation of 21 U.S.C. § 846, Conspiracy to Manufacture in excess of 1 Kilogram of Methamphetamine.  A trial on the charge began in the Eastern District of Pennsylvania court on July 22, 1997.  On July 28, 1997, the Honorable Franklin S. Van Antwerpen declared a mistrial due to the jurors' inability to reach a unanimous verdict.  A second trial was thereafter conducted, and resulted in a guilty verdict on September 18, 1997.  On January 9, 1998, Levan was sentenced to 293 months of incarceration to be followed by 10 years of supervised release.  Levan asserts that a two point offense level enhancement for drug quantity and a two level enhancement for obstruction of justice based on determinations made by the District Judge by a preponderance of the evidence elevated his sentencing exposure from a range of 151 to 188 months to a range of 235 to 293 months.

On November 12, 1998, a direct appeal was pursued to the Third Circuit Court of

---

[1](...continued)
$100.00.  Based on this information, the Court will allow him to proceed in forma pauperis for the purpose of filing the instant petition.  Also pending is a motion filed by Levan for leave to file a traverse to the response to be filed in this action. (Dkt. Entry 6.) Based upon the Court's resolution of the petition, this motion will be denied as moot.

Appeals. The appeal was denied on January 27, 1999. On April 25, 2000, Levan filed a motion pursuant to 28 U.S.C. § 2255 with the Eastern District. He supplemented the motion on July 28, 2000.

In the initial motion he raised the arguments that his trial counsel was ineffective both during trial and at sentencing, and also that the government failed to turn over Brady material which prejudiced him. In the supplement to the motion, filed following the Supreme Court decision of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000),[2] Levan argued that he was denied due process and trial by jury because the court and not the jury determined the quantity of drugs involved. Following an evidentiary hearing, the supplemented motion was denied on November 14, 2000. <u>See</u> <u>Levan v. United States</u>, 128 F. Supp.2d 270 (E.D. Pa. 2001).

On March 26, 2001, Levan filed a request for a Certificate of Appealability with the Third Circuit Court of Appeals. The application was denied on July 1, 2002. Thereafter, he submitted a petition for Rehearing En Banc with the Third Circuit. The petition was denied on September 3, 2002. On November 26, 2002, Levan states that he appealed his conviction and sentence to the United States Supreme Court. On January 13, 2003, the Supreme Court denied certiorari. On May 8, 2003, Levan filed a Motion to Recall the Mandate in the Third

---

[2] In <u>Apprendi</u>, the Supreme Court held that ". . . any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490.

Circuit Court of Appeals. This motion was denied on May 29, 2003.

On January 10, 2006, following the United States Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), Levan filed a motion for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255, which was denied on January 26, 2006. Levan now files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. In the petition, he contends that: (1) he is "actually innocent" of the sentence he received due to a clarification of the law as it existed when he was originally sentenced, and (2) his trial violated the Due Process Clause of the Fifth Amendment to the United States Constitution because he was not informed of the proper consequences of his decision to proceed to trial. (Dkt. Entry 4, Memorandum at 1.) As relief, Petitioner seeks either the removal of the four (4) level enhancement in his offense level, a new trial, or reinstatement of the original plea offer.

## III.  Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977).[3] A defendant can

---

[3] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that the rules may be applied in § 2241 actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas

(continued...)

pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."); Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle v. United States, the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the

---

$^{3}$(...continued)
proceedings brought under § 2241, e.g., Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977); Pratt v. Pugh, Civ. No. 3:CV-03-1717, Memorandum Opinion at 3, n.2 (M.D. Pa. June 2, 2004)(Vanaskie, C.J.), and there is no sound reason not to apply Rule 4 in this case.

prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255.  Rather, the court in Cradle held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  Cradle, 290 F.3d at 538-39.

As stated in Dorsainvil, the availability of the § 2241 remedy to challenge a federal conviction is extremely limited.  Dorsainvil, 119 F.3d at 250.  A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal.  See Brown, 167 F. Supp. 2d at 726-27.

Application of the above principles compels the conclusion that Levan cannot raise his claims in the instant § 2241 petition.  First, the dismissal of Levan's previous § 2255 motion does not make the § 2255 remedy inadequate or ineffective.  While he claims to have pursued a motion for permission to file a second or successive § 2255 motion, he also claims that this motion was denied.  Further, despite Levan's arguments, he fails to establish that any subsequent case has revealed his conduct to be non-criminal.

One of Levan's arguments in the petition is that his trial was entered into in violation of the Due Process Clause because he was denied the right to be informed of the proper

6

consequences of his decision. This clearly is an argument that Levan had the opportunity to raise in his prior § 2255 motion.

Levan next maintains that he falls within the Dorsainvil exception permitting him to challenge his federal conviction and sentence via a § 2241 petition. His arguments are without merit. At no point does Levan maintain that he is actually innocent of the underlying criminal conduct. Rather, he repeatedly argues that he is "innocent of the sentence" he received. Unlike the intervening change in law in Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Levan's argument and the cases he cites deal with sentencing, and do not render the crime for which he was convicted not criminal.

Petitioner attempts to rely on the case of Cristin v. Brennan, 281 F.3d 402 (3d Cir. 2002), in support of his argument that "actual innocence of the sentence" falls within the scope of the Dorsainvil exception. The Court disagrees. In Cristin, the Third Circuit Court of Appeals addressed the issue of procedural default by a state prisoner who filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. One of the arguments raised by the petitioner was that he could fit within the "miscarriage of justice" exception to the procedural default rule by arguing actual innocence. In so doing, he maintained that one can actually be innocent of a sentence, although guilty of the underlying crime. Crispin, 281 F.3d at 420-22. The Third Circuit rejected Crispin's argument, finding that any such notion had only been applied in capital cases and only in such cases to excuse a procedural default. Clearly, the language Levan relies on in Crispin

in an attempt to fall within the narrow Dorsainvil exception is totally inapplicable. For these reasons, the Court will dismiss the instant § 2241 petition. An appropriate Order follows.

                                                     **s/ Thomas I. Vanaskie**
                                                     Thomas I. Vanaskie
                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL S. LEVAN,** | : |
| Petitioner, | : CIVIL NO. 3:CV-07-1713 |
| vs. | : (JUDGE VANASKIE) |
| **T.R. SNEIZEK,** | : |
| Respondent. | : |

## O R D E R

**NOW, THIS 17th DAY OF JANUARY, 2008,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's motion to proceed in forma pauperis (Dkt. Entry 3) is granted.

2. The petition for writ of habeas corpus is **dismissed**.

3. Petitioner's motion for leave to file a traverse (Dkt. Entry 6) is **denied as moot**.

4. The Clerk of Court is directed to **close this case**.

                                          **s/ Thomas I. Vanaskie**
                                          Thomas I. Vanaskie
                                          United States District Judge