IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL S. LEVAN, :
:
    Petitioner, : CIVIL NO. 3:CV-07-1713
:
  vs. : (JUDGE VANASKIE)
:
T. R. SNEIZEK, :
:
    Respondent. :

M E M O R A N D U M

I.    Introduction

Presently pending is Petitioner's motion for reconsideration of the Court's Memorandum and Order dated January 17, 2008 (Dkt. Entry 9) dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. Specifically, the Court found that Petitioner failed to demonstrate that his remedy pursuant to 28 U.S.C. § 2255 for challenging his federal conviction and sentence was inadequate or ineffective. For the reasons that follow, the motion for reconsideration will be denied.

II.    Background

Petitioner was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania on September 18, 1997, for a violation of 21 U.S.C. § 846, conspiracy to manufacture in excess of one kilogram of methamphetamine. On January 9, 1998, he was

sentenced to 293 months of incarceration to be followed by 10 years of supervised release. He thereafter pursued a direct appeal to the Third Circuit Court of Appeals, which was denied on January 27, 1999. He also filed a motion pursuant to 28 U.S.C. § 2255 with the Eastern District, raising ineffective assistance of trial counsel arguments and challenging the government's failure to turn over Brady material. He filed a supplement to his § 2255 motion on July 28, 2000, following the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In the supplement, he argued that he was denied due process and trial by jury because the court, and not the jury, determined the quantity of drugs involved in his case. The supplemented § 2255 motion was denied following an evidentiary hearing on November 14, 2000. See Levan v. United States, 128 F. Supp.2d 270 (E.D. Pa. 2001).

Other challenges to the conviction and sentence thereafter pursued by Petitioner include a request for a Certificate of Appealability filed with the Third Circuit Court of Appeals and denied on July 1, 2002, a petition for Rehearing En Banc, denied on September 3, 2002, and an appeal of the conviction and sentence to the United States Supreme Court, which denied certiorari on January 13, 2003. In addition, following the United States Supreme Court ruling in United States v. Booker, 543 U.S. 220 (2005), Petitioner filed a motion for leave to file a second or successive motion pursuant to § 2255. The motion was denied on January 26, 2006.

In the instant § 2241 habeas petition, Petitioner set forth the following arguments: (1) he is "actually innocent" of the sentence he received due to a clarification of the law as it existed

when he was originally sentenced, and (2) his trial violated the Due Process Clause of the Fifth Amendment because he was not informed of the proper consequences of his decision to proceed to trial.

On January 17, 2008, the petition was dismissed for lack of jurisdiction.  The Court set forth the well-established principle that a defendant can only pursue § 2241 relief when he shows that the remedy under section 2255 would be inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The Court found that the dismissal of Petitioner's previous § 2255 motion did not make that remedy inadequate or ineffective, and that Petitioner did not fall within the safety valve clause of § 2255.  See In re Dorsainvil, 119 F.3d 245, 250 (3d Cir. 1997); Brown v. Mendez, 167 F. Supp.2d 723, 726-27 (M.D. Pa. 2001). Petitioner failed to establish that any subsequent case revealed his conduct to be non-criminal.  Rather, he only argued that he was "innocent of his sentence."   In addition, all other arguments raised by Petitioner were ones which he clearly had the opportunity to raise in his prior § 2255 motion.

III.    Discussion

Petitioner files the instant motion for reconsideration of the Court's dismissal of his petition.  In the motion, he again argues that he can pursue § 2241 relief under the safety valve clause of § 2255 because he is actually innocent.

The standard for granting a motion for reconsideration is a stringent one.  "The purpose

3

of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge, 796 F.Supp. at 830. Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In the instant case, Petitioner fails to present any ground which would warrant reconsideration. He merely reasserts an argument previously considered and rejected by the

Court in the Memorandum and Order of January 17, 2008.  Once again he argues that he is "innocent of his sentence" and admits that he "is indeed not alleging that he is innocent of the underlying crime of which he was found guilty." (Dkt. Entry 10 at 3.)  His entire argument is again based upon challenges to the sentence he received, challenges that were all previously addressed and found to be without merit.  Accordingly, the motion for reconsideration will be denied.  An appropriate Order follows.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL S. LEVAN, | : |
| Petitioner, | : CIVIL NO. 3:CV-07-1713 |
| vs. | : (JUDGE VANASKIE) |
| T. R. SNEIZEK, | : |
| Respondent. | : |

## O R D E R

NOW, THIS 23rd DAY OF SEPTEMBER, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT Petitioner's Motion for Reconsideration (Dkt. Entry 9) is DENIED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge